IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| De Lage Landen Financial Services, Inc. | ) | |
| | ) | No.   17 – CV – 4673 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| American Medical Lab, Ltd.; and Zakaria Alnimr | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR REPLEVIN AND OTHER RELIEF

NOW COMES De Lage Landen Financial Services, Inc., by and through its attorneys, ASHEN|FAULKNER, for its Complaint against American Medical Lab, Ltd.; and Zakaria Alnimr, and in support thereof states as follows:

### PARTIES

1. De Lage Landen Financial Services, Inc. ("De Lage") is a Michicgan Corporation with its principal place of business located at 1111 Old Eagle School Road, Wayne, Pennsylvania 19087.

2. American Medical Lab, Ltd. ("Lessee"), is an Illinois corporation with its principal place of business in Bridgeview, Illinois.

3. Zakaria Alnimr ("Guarantor") is an individual residing in the State of Georgia.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction in the above-captioned case pursuant to 28 U.S.C. § 1332(a) because the matter in controversy is between citizens of different states and the damages claimed exceeds $75,000.00, exclusive of interests and costs.

5. This Court has personal jurisdiction over each Defendant pursuant to 735 ILCS 5/2-209(a) & (b).

6. Venue is proper in this Court pursuant to the contracts described herein and attached hereto, and pursuant to 28 U.S.C. § 1391 as the subject equipment is located in Cook County, Illinois.

1

## ALLEGATIONS COMMON TO ALL COUNTS

7. On or about August 2, 2016, Lessee entered into that certain Master Lease Agreement ("Master Lease") and Master Lease Schedule No. 100-10114037 ("Schedule") with De Lage. True and correct copies of the Master Lease and Schedule are collectively attached hereto as **Exhibit A**.

8. The Master Lease and Schedule provided for the lease of the following equipment, collectively the "Equipment":

    **Two (2) AB SCIEX TRIPLE QUAD 4500 – AMCR Systems,
    including all attachments and accessories**

9. The Schedule provides for 36 payments, payable monthly, to be made from Lessee to De Lage.

10. In order to induce the De Lage to enter into the Master Lease and Schedule with Lessee, Guarantor unconditionally and absolutely guaranteed the payment and performance obligations of Lessee under the Master Lease and Schedule, and signed a Blanket Personal Guaranty to that effect ("Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit B**.

11. On June 30, 2016, De Lage perfected its security interest in the Equipment bu filing a UCC Financing Statement ("UCC"). A true and correct copy of the UCC is attached hereto as **Exhibit C**.

12. Under paragraph 13 of the Master Lease, failure to make Schedule payments when due is an event of default.

13. Lessee defaulted on the Master Lease by failing to make the March 15, 2017 payment, and subsequent payments due thereafter.

14. In the event of default under the Master Lease, paragraph 14 entitles De Lage to: (a) delare the entire unpaid balance of the Schedule immediately due and payable; (b) sue for and recover all Lease Payments (as defined therein) including costs and fees; (c) charge a default interest rate of eighteen percent (18%) per annum from the date of default until paid; and (d) repossess the Equipment.

15. Furthermore, paragraph 14 of the Master Lease states that Lessee shall be liable to De Lage for all expenses incurred by De Lage in connection with the enforcement of any of De Lage's remedies, including all expenses of reporssession of the Equipment as well as attorneys fees and court costs.

16. Pursuant to the Guaranty, Guarantor is liable for all of Lessee's obligations under the Master Lease.

17. De Lage has perfomed all of its obligations under the Master Lease, Schedule, and Guaranty.

18. As a consequence of Lessee's default and failure to pay the balance due, as of May 10, 2017, there remains a balance due and owing to De Lage from Lessee in the amount of $405,651.93.

19. Although due demand has been made on Lessee to pay said amount due under the Master Lease, Lessee has failed and refused to pay said amount.

## COUNT I
## REPLEVIN

20. De Lage re-alleges and reincorporates paragraphs 7 through 19 as paragraph 20 of Count I.

21. Due to Lessee's default under the Master Lease and Schedule, De Lage is entitled to lawful possession of the Equipment.

22. The Equipment is being detained by Lessee, despite De Lage's demand for return thereof.

23. The Equipment was not repossessed by a third party, or levied for any unpaid tax, assessment or fine by virtue of any law or order for replevin entered against De Lage or the Equipment.

24. The estimated value of the Equipment is two hundred twenty thousand dollars ($220,000.00).

**WHEREFORE**, De Lage Landen Financial Services, Inc., requests an Order of Replevin against American Medical Lab, Ltd. for possession of the Equipment, and any other relief this Court deems just.

## COUNT II
## BREACH OF MASTER LEASE AND SCHEDULE

25. De Lage re-alleges and reincorporates paragraphs 7 through 19 as paragraph 25 of Count II.

26. Lessee defaulted on the Master Lease by failing to make the March 15, 2017 payment, and subsequent payments due thereafter.

27. As a result of Lessee's default and failure to pay the balance due, as of May 10, 2017, there remains a balance due and owing to De Lage from Lessee in the amount of $405,651.93.

28. Lessee remains liable for additional late charges, Master Lease costs, costs and fees associated with repossession of the Equipment, interest, attorneys' fees and court costs incurred in enforcing the Master Lease and Schedule.

29. Although due demand has been made on Lessee to pay said amount due under the Master Lease, Lessee has failed and refused to pay said amount.

**WHEREFORE**, De Lage Landen Financial Services, Inc., prays for Judgment against American Medical Lab, Ltd., in the sum of $405,651.93 as of May 10, 2017, plus additional late charges, interest, repossession expenses, attorneys' fees and costs that have accrued and continue to accrue since May 10, 2017, and any other relief this court deems just and reasonable.

## COUNT III
## BREACH OF GUARANTY

30. De Lage re-alleges and reincorporates paragraphs 7 through 19 as paragraph 25 of Count III.

31. Guarantor defaulted on the Guaranty by failing to make the March 15, 2017 payment, and all subsequent payments due thereafter.

32. Guarantor is presently obligated to De Lage for the principal amount due of $405,651.93 pursuant to the Guaranty, plus all additional late charges, repossesson costs, interest, attorney fees and costs that have accrued and continue to accrue under the Guaranty.

33. Although due demand was made on Guarantor to pay said amount due and owing on the Guaranty, Guarantor has failed and refused to pay said amount.

4

**WHEREFORE**, De Lage Landen Financial Services, Inc., prays for Judgment against Zakaria Alnimr in the sum of $405,651.93, plus additional late charges, interest, attorneys' fees and costs that have accrued and continue to accrue since the filing of this action, and any other relief this court deems just and reasonable.

        Respectfully submitted,
        **De Lage Landen Financial Services, Inc.**

By: _____
        **Michael A. Lyvers**
        One of its Attorneys

ASHEN | FAULKNER
Michael A. Lyvers
217 N. Jefferson St., Suite 601
Chicago, Illinois 60661
312-655-0800
ARDC: 6315543
mlyvers@ashenlaw.com

## VERIFICATION

I, Cheryl Glick, the undersigned, declare that I am a Litigation & Bankruptcy Specialist II of De Lage Landen Financial Services, Inc., Plaintiff in this action, and am authorized to make this Verification for and on its behalf, and I make this Verification for that reason. I have read the foregoing VERIFIED COMPLAINT FOR REPLEVIN AND OTHER RELIEF and know its contents. I am informed and believe that the matters stated in it are true, except as to matters which I have insufficient knowledge of, and on that ground, allege that the matters stated in it are true. Under penalties as provided by law pursuant to section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

By: _____
Cheryl Glick,
Litigation & Bankruptcy Specialist II,
De Lage Landen Financial Services, Inc.

Dated: June 21, 2017

6